**In re LINEAS AEREAS DE NICARAGUA S. A., doing business as Lanica Airlines, Debtor.**

**Bankruptcy No. 81–00561–BKC–TCB.**

United States Bankruptcy Court, S. D. Florida.

April 30, 1981.

N. Fraser Schuh, III, Miami, Fla., for creditor.

Mark Silverio and Robert Schatzman, Miami, Fla., for Julio Mora Mena, foreign representative of debtor.

## ORDER DIRECTING TURNOVER AND OTHER RELIEF

THOMAS C. BRITTON, Bankruptcy Judge.

The provisional administrator or trustee appointed under Nicaraguan law of this Nicaraguan debtor has filed a petition in this court under 11 U.S.C. § 304 seeking a turnover of all property of the debtor located in the United States as well as injunctive relief to stay the commencement or continuation of all litigation in the United States against the debtor or its property. (C.P. No.1). Upon notice to all creditors located in the United States, a hearing was held on April 29, 1981 to consider the foregoing petition.

■ The debtor's assets located in the United States were described as furniture, office equipment, vehicles, bank accounts and maintenance equipment approximately valued at $200,000. This figure, however, does not include any value ascribed to the present certificate of authority due to expire June 30, 1981 which permits this debtor to operate scheduled flight service into the United States. The trustee has represented to the court, through counsel, that although a turnover of the debtor's assets is sought, none of the debtor's assets located in this country will be removed from this country and that they will be applied primarily to satisfy the debts owing to the U.S. creditors. Upon these representations and upon the further condition that the trustee is prohibited from in any way encumbering, assigning or abandoning the debtor's known assets located in the United States including the aforementioned certificate of authority as well as any additional assets discovered in this country, turnover of all property of the debtor located in the United States to the Nicaraguan trustee is hereby ordered. The trustee is directed to file with this court within fifteen days of this order an inventory of all the assets of the debtor located in the United States. The trustee is further directed to file every thirty days commencing on June 1, 1981 a form of deposit and disbursement statement with this court and is authorized to continue operating the debtor's business.

■ For the reasons recited on the record in open court, actions pending in the United States against the debtor or its property are permitted to proceed up to and through entry of judgment, however, the litigants involved in the pending suits are enjoined from enforcing or executing on any judgments obtained without first obtaining further leave from this court. The parties in any individual suit, should it be mutually agreed upon, may also seek removal of the action to this court under the provisions of 28 U.S.C. § 1478.

The commencement of any new proceeding against this debtor or its property in any United States Court except a Bankruptcy Court is strictly enjoined.