### RBS FABRICS LTD., Plaintiff,

### v.

### G. BECKERS & LE HANNE, E. Fischer K.G. and Fritz Jans & Co., and John Does 1 Through 10, Defendants.

### No. 80 Civ. 6165.

United States District Court,
S.D. New York.

May 13, 1982.

Ronald J. Offenkrantz, Spitzer & Feldman, New York City, for plaintiff.

Andrew P. Vance, Barnes, Richardson & Colburn, New York City, for defendants.

GRIESA, District Judge.

This action was commenced in New York State Supreme Court. Plaintiff sought an order of attachment against defendants' accounts receivable owed from New York customers. Prior to acting on the application for an order of attachment, the state court granted a temporary restraining order, prohibiting certain parties, who are indebted to defendants on the accounts receivable, from making payments to defendants.

At this juncture the action was removed to this court.

The motion for an order of attachment is pending before this court. In addition, defendants have moved to dismiss the action on the alternative grounds (1) that plaintiff's action must be brought in Germany pursuant to an alleged forum selection clause in a contract, and (2) that the doctrine of *forum non conveniens* applies.

There is a proceeding in Germany to have defendants adjudicated bankrupts. The exact status of that proceeding does not appear from the record.

During conferences with the parties, the court has discussed the possibility that this matter should be handled in the bankruptcy court in this country, as ancillary to a foreign bankruptcy proceeding under 11 U.S.C. § 304. Defendants have advised the court that, if the court denies the motion to dismiss, they will withdraw their opposition to the motion for attachment and they will commence a proceeding under § 304 in the bankruptcy court in this country and argue that the bankruptcy court should stay proceedings here in favor of the proceedings in the German bankruptcy court, pursuant to 11 U.S.C. § 304(b).

The ruling of this court on the various applications is as follows:

(1) Defendants' motion to dismiss is denied.

(2) Plaintiff's motion for attachment is granted, and the temporary restraining order is vacated. This ruling is in reliance upon the representation of defendants that they will commence a proceeding in the United States bankruptcy court pursuant to 11 U.S.C. § 304, so that the bankruptcy court may determine whether or not to entertain proceedings in this country or to refer the matter to the German bankruptcy court.

### Discussion

Plaintiff is a New York corporation, and has acted as agent of defendants in the sale of textile goods in the United States and Canada. The various applicable contracts all contain the following clause:

"The Principal's [Defendant's] place of business [Krefeld, Federal Republic of Germany] shall be the place where all obligations of the parties hereto shall be fulfilled and the Court of the place shall have jurisdiction with regard to all such claims provided that the Principal shall have the option to pursue his claims in the place where the Agent [Plaintiff] resides."

Plaintiff has sued for unpaid commissions, claiming that it is owed $260,000, representing $100,000 due for 1980 and $160,000 due for 1981. Defendants contend that the clause quoted above requires plaintiff to sue in Germany. However, the clause does not contain such a requirement.

By virtue of the contract clause, the Agent agrees to the jurisdiction of the German court in the event that the Principal wishes to sue there, but neither the Principal nor the Agent is obligated to sue in Germany.

There is a serious question, however, as to whether, even without the mandate of a contractual clause, Germany is the preferable forum for handling this claim. This question arises mainly from the fact of the German bankruptcy proceeding.

On this question Congress has provided a procedure whereby, in an ancillary bankruptcy proceeding in this country, the bankruptcy court here can determine whether to stay proceedings in this country in favor of a foreign bankruptcy court. 11 U.S.C. § 304(b). Congress has set forth six factors to be considered in deciding such an issue. These factors are as follows:

"(1) just treatment of all holders of claims against or interests in such estate;

(2) protection of claim holders in the United States against prejudice and inconvenience in the processing of claims in such foreign proceeding;

(3) prevention of preferential or fraudulent dispositions of property of such estate;

(4) distribution of proceeds of such estate substantially in accordance with the order prescribed by this title;

(5) comity; and

(6) if appropriate, the provision of an opportunity for a fresh start for the individual that such foreign proceeding concerns." 11 U.S.C. § 304(c).

It would appear that the preferable procedure is to have the ancillary proceeding brought in the United States bankruptcy court so that the provisions of 11 U.S.C. §§ 304(b) and (c) can be applied by the bankruptcy court here to determine whether or not plaintiff's claim should be finally adjudicated here or in Germany.

For these reasons the motions are disposed of as stated above.

So ordered.