Albert W. ANGULO, Herman M. Frietsch, Raymond G. Hofker, Bill G. Motley, Harlan M. Stein

v.

KEDZEP LIMITED (formerly Stadler Hurter Limited), et al.

Civ. A. No. H–82–0402.

Bankruptcy No. 81–01458–HS–5.

United States District Court, S.D. Texas, Houston Division.

April 11, 1983.

Philip P. Sudan, Jr., Ryan & Shoss, Houston, Tex., V. Thomas Lankford, Sharp, Randolph & Green, Washington, D.C., for plaintiffs.

Thad Grundy, Sr., Hutcheson & Grundy, Houston, Tex., for defendant.

## MEMORANDUM AND ORDER

CIRE, District Judge.

The Appellants, Albert W. Angulo, Herman M. Frietsch, Raymond G. Hofker, Bill G. Motley, and Harlan M. Stein, have appealed the orders of the Bankruptcy Court: (1) authorizing the issuance of subpoenas directing Appellants to sit for depositions in aid of a bankruptcy proceeding pending in Canadian courts and (2) denying Appellants' motion to quash those subpoenas.

Kedzep Limited, a Canadian corporation, is a subsidiary of International Systems and

Controls Corporation ("ISC"). ISC's principal office and place of business is in Houston. Kedzep has commenced its bankruptcy case in the Canadian courts. After conducting a preliminary investigation of the claims asserted against Kedzep, the Trustee in the Canadian bankruptcy action concluded that it was necessary to obtain evidence from former officers and employees of Kedzep and ISC who were located in the Houston area. Therefore, the Trustee attempted to secure information from these persons. When he was unable to get the needed information, the Trustee commenced an ancillary case in the United States Bankruptcy Court for the Southern District of Texas under section 304 of the Bankruptcy Code. A summons and copy of the petition were served upon Kedzep, and Kedzep filed an answer admitting the allegations of the petition and joining the request of the Trustee for relief. After a hearing at which the Trustee offered evidence in support of the petition, Bankruptcy Judge Schultz entered an order authorizing the Trustee to proceed with discovery. The Appellants, along with ISC, filed a motion for rehearing after they received notice of their depositions. Bankruptcy Judge Schultz held a second hearing with the Appellants and the Appellee present and denied the Appellant's motion to quash. Bankruptcy Judge Patton later held a hearing in this case and concluded that section 304 was flexible enough to allow for the relief granted by Judge Schultz.

■ Section 304 of the Bankruptcy Code was first enacted as part of the Bankruptcy Reform Act of 1978 which became effective October 1, 1979. Section 304 provides that a foreign representative may commence a case ancillary to a foreign proceeding and that the court may: (1) enjoin the commencement or continuation of any action involving the debtor or the debtor's property; (2) order property to be turned over; or (3) order other appropriate relief. In making the determination of whether to grant relief under section 304, "the court shall be guided by what will best assure an economical and expeditious administration of such estate, consistent with" comity, protection of claim holders, and other factors listed in subsection c. 11 U.S.C. § 304(c).

The record shows that Kedzep is involved in bankruptcy proceedings in Canada and that the Trustee who filed this action is Kedzep's representative in the Canadian proceeding. Kedzep owns assets in the United States and could be a debtor under Chapter 11. The Trustee's action has therefore met the threshold prerequisites for application of section 304. *See In re Stuppel,* 17 B.R. 413, 415 (S.D.Fla.1981).

■ Actions brought under section 304 may be commenced in the bankruptcy court for the district in which the principal assets in the United States are located. 28 U.S.C. § 1474. The Appellants contend that venue for this action does not lie in the Southern District of Texas. Although Kedzep's principal asset is not located in Houston, Kedzep does have accounts receivable owed to it from ISC which are located in Houston. Further, if a bankruptcy proceeding is filed in the wrong district, the bankruptcy court may retain the action if it is in the interest of justice and for the convenience of the parties. 28 U.S.C. § 1477. Clearly, it is in the interest of justice and for the convenience of the parties to retain this action in Houston where the potential deponents and assets are located. The Appellants' argument that venue does not lie in the Southern District of Texas is without merit.

■ Section 304 was added to the Bankruptcy Code in 1979, and no courts have addressed the issue raised in this appeal; therefore, in deciding the issue the Court must look to the statute. In construing the meaning of a statute, a court must begin with the language of that statute itself; the language must be followed if it is sufficiently clear and reasonably consistent with the purpose of the statute. *Louisiana Credit Union League v. United States,* 693 F.2d 525, 541 (5th Cir.1982). To determine the Congressional intent when enacting a statute, a court may examine the legislative history. *Rogers v. Frito-Lay, Inc.,* 611 F.2d 1074, 1080 (5th Cir.1980).

The legislative history for section 304 indicates that Congress intended section 304

to give courts maximum flexibility in handling ancillary cases. Section 304 was drafted to permit courts to make appropriate orders under the circumstances of each case considering the principles of international comity. H.R.Rep. No. 595, 95th Cong., 1st Sess. 324–25 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 35 (1978) U.S.Code Cong. & Admin.News 1978, p. 5787. The actual language of section 304 is broad; it permits the court to "order other appropriate relief" which is consistent with the Congressional intent of maximum flexibility.

Although no courts have addressed the issue of an ancillary action being brought to facilitate discovery, those courts presented with actions under section 304 have concluded that they had flexibility to fashion relief appropriate to each case. *See RBS Fabrics Ltd. v. G. Beckers & LeHanne,* 24 B.R. 198 (S.D.N.Y.1982); *In re Culmer,* 25 B.R. 621 (Bkrtcy.S.D.N.Y.1982); *In re Lineas Areas de Nicaragua, S.A.,* 13 B.R. 779 (Bkrtcy.S.D.Fla.1981).

The scope of section 304 as seen in the language of the statute and its legislative history is broad and flexible enough to allow for an ancillary suit to be filed for the purpose of discovery. Allowing discovery "will best assure an economical and expeditious administration of [this] estate, consistent with ... comity." 11 U.S.C. § 304(c).

The Appellants argue that the Trustee should have sought discovery through letters rogatory and/or 28 U.S.C. § 1782. Letters rogatory are not viewed as the exclusive method of conducting international discovery. *See, e.g.,* Multilateral Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, *opened for signature* March 18, 1970, 23 U.S.T. 2555, T.I.A.S. No. 7444; Fed.R.Civ.P. 28. 28 U.S.C. § 1782 does not preclude other methods of discovery.

Accordingly, it is ORDERED that the Bankruptcy Court is AFFIRMED.