**In the Matter of Klaus Hubert GOERG, as Trustee in Bankruptcy under the laws of the Federal Republic of Germany for the Estate of Heinz Guenter Kaussen Petition by German Bankruptcy Trustee for Ancillary Administration Pursuant to 11 U.S.C. § 304.**

**Bankruptcy No. A86–04341–ADK.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Aug. 26, 1986.

Robert Goldstein, Kilpatrick & Cody, Atlanta, Ga., for petitioner.

Robert E. Hicks, Hicks, Maloof & Campbell, Atlanta, Ga., for respondent.

## MEMORANDUM OF OPINION AND ORDER

A.D. KAHN, Bankruptcy Judge.

The above-styled proceeding was filed by Klaus Hubert Goerg [hereinafter referred to as "Petitioner"], the bankruptcy trustee of the estate of Heinz Guenter Kaussen appointed under the Laws of the Federal Republic of Germany, petitioning this Court for ancillary administration pursuant to 11 U.S.C. § 304. It is before the Court on a Motion to Dismiss filed by Edgardo L. Parungao [hereinafter referred to as "Movant"], the administrator of the estate of Heinz Guenter Kaussen appointed by the Probate Court of Fulton County, Georgia. Movant contends that the instant proceeding should be dismissed for the following reasons: 1) that the Court lacks jurisdiction over the subject matter; 2) that the Court lacks jurisdiction over the person; 3) that the Petition fails to state a claim upon which relief can be granted; 4) that the Petition fails to join necessary parties; and

5) that this Court should abstain from exercising jurisdiction pursuant to 28 U.S.C. § 1334 and 11 U.S.C. § 305. The Court finds it necessary to address only the first of these grounds.

The instant Petition calls upon this Court to exercise jurisdiction over assets of the estate of Heinz Guenter Kaussen located in the Northern District of Georgia. Kaussen, a citizen of the Federal Republic of Germany, died in April of 1985. After determining that the estate was insolvent, the German probate administrator petitioned the Cologne Local Court to commence bankruptcy proceedings for the purpose of liquidating the estate. An Order of Adjudication determining that the estate was insolvent and appointing Petitioner herein as the bankruptcy trustee was entered by the Cologne Local Court on January 24, 1986. *See* Appendix to Brief of Petitioner Klaus Hubert Goerg in Opposition to Respondent's Motion to Dismiss at Tab 1. Kaussen's estate is now being liquidated under the supervision of the Bankruptcy Division of the Cologne Local Court, pursuant to Section 215 of the Konkursordnung (Section 215 of the German Bankruptcy Act). The Order of Adjudication was affirmed on appeal by the Cologne Regional Court on February 17, 1986 and by the Cologne Higher Regional Court of Appeals on March 3, 1986 and April 28, 1986.

> The Cologne Local Court stated that
>
> Inasfar as succession by inheritance has occurred under the laws of this state or of a foreign state, the rights of the heiress, the heirs or an administrator to dispose of movables and immovables of the estate are no longer in effect due to the universal effect of the commencement of bankruptcy proceedings.

Order of Cologne Local Court entered January 24, 1986 at 2 contained in Appendix to Brief of Petitioner Klaus Hubert Goerg in Opposition to Respondent's Motion to Dismiss, Tab 1.

In its Decree of April 28, 1896, the Cologne Higher Regional Court of Appeals stated that

> The dispute as to whether the so-called principle of territoriality or the so-called principle of universality shall prevail in the bankruptcy proceedings, i.e., whether the bankruptcy commenced in the Federal Republic encompasses the entire property of the Debtor—irrespective of its situs—, was in recent rulings of the Federal Court of Justice ruled on in favor of the principle of universality, which the Division of Civil Matters of this Court agrees with ... This means: In addition to the domestic property, the Debtor's bankrupt estate shall further include the Debtor's property located abroad. The latter, too, shall be placed in custody and used by the Trustee ... Any duties of the Debtor in handling the bankruptcy proceedings shall therefore include the property located abroad.

> .　　.　　.　　.　　.

> A further legal consequence is derived from the above in that the rights of the heiress or any other person authorized to dispose of the property constituting part of the estate has expired, which includes the property located abroad.

Decree of the Cologne Higher Regional Court of Appeals dated April 28, 1986 at 2–3, 5 contained in Appendix to Brief of Petitioner Klaus Hubert Goerg in Opposition to Respondent's Motion to Dismiss, Tab 4. It appears that the Cologne Higher Regional Court of Appeals is the highest Court of review available under German law. Petition at ¶ 6.

Thus, against this background, Petitioner filed the instant proceeding to enforce here the liquidation proceedings in Germany. Apparently concurrently with the German bankruptcy proceedings, Movant was appointed by the Probate Court of Fulton County, Georgia as administrator of Kaussen's local estate. Movant is a German national who was a close associate of Kaussen. Kaussen's heirs at the time of his death were also citizens of the Federal Republic of Germany. Movant asks this Court to dismiss this proceeding so that the proceedings in the Probate Court of Fulton County may go forward. It appears that

despite the holdings of the German Courts, Kaussen's heirs will receive property from the estate within the jurisdiction of the Probate Court.*

Section 304 of the Bankruptcy Code provides that

(a) A case ancillary to a foreign proceeding is commenced by the filing with the bankruptcy court of a petition under this section by a foreign representative.

(b) Subject to the provisions of subsection (c) of this section, if a party in interest does not timely controvert the petition, or after trial, the court may—

(1) enjoin the commencement or continuation of—

(A) any action against—

(i) a debtor with respect to property involved in such foreign proceeding; or

(ii) such property; or

(B) the enforcement of any judgment against the debtor with respect to such property, or any act or the commencement or continuation of any judicial proceeding to create or enforce a lien against the property of such estate;

(2) order turnover of the property of such estate, or the proceeds of such property, to such foreign representative; or

(3) order other appropriate relief. (c) In determining whether to grant relief under subsection (b) of this section, the court shall be guided by what will best assure an economical and expeditious administration of such estate, consistent with—

(1) just treatment of all holders of claims against or interests in such estate;

(2) protection of claim holders in the United States against prejudice and inconvenience in the processing of claims in such foreign proceeding;

(3) prevention of preferential or fraudulent dispositions of property of such estate;

(4) distribution of proceeds of such estate substantially in accordance with the order prescribed by this title;

(5) comity; and

(6) if appropriate, the provision of an opportunity for a fresh start for the individual that such foreign proceeding concerns.

In applying § 304, the Court must first examine whether Petitioner is "foreign representative" in a "foreign proceeding." Section 101(21) defines "foreign representative" as a "duly selected trustee, administrator, or other representative of an estate in a foreign proceeding." Section 101(20) defines "foreign proceeding as a

proceeding, whether judicial or administrative and whether or not under bankruptcy law, in a foreign country in which the debtor's domicile, residence, principal place of business, or principal assets were located at the commencement of such proceeding, for the purpose of liquidating an estate, adjusting debts by composition, extension, or discharge, or effecting a reorganization.

This definition makes reference to the "debtor's domicile...."

The term "debtor" is defined in § 101(12) as a "person or municipality concerning which a case under this title has been commenced." "Person" is defined in § 101(33) as including "individual, partnership and corporation, but does not include governmental unit...."

Section 109(a) of the Bankruptcy Code sets out who may be a debtor under Title 11 and provides that "[n]otwithstanding any other provision of this section, only a *person* that resides or has a domicile, a place of business, or property in the United

---

* Under a settlement approved by Superior Court of Fulton County, Georgia and the Probate Court of Fulton County, Georgia, distributions from the estate are to be paid 20% to each of Kaussen's four children and Mrs. Ingelborg Skowronek, mother of the children and Kaussen's lifetime companion. "Order Approving Agreement of Settlement and Compromise Concerning the Will of Guenter Kaussen under the Laws of Georgia" filed July 17, 1985 in Superior Court of Fulton County, Georgia, attached as Exhibit A to Motion for Appointment of Guardian Ad Litem.

States, or a municipality, may be a debtor under this title." It is well established that a probate estate is not a "person" within the meaning of the Bankruptcy Code. *In re Brown,* 16 B.R. 128 (Bankr.D.D.C.1981). *See also In re Jarrett,* 19 B.R. 413 (Bankr. M.D.N.C.1982). Therefore, unlike the laws of the Federal Republic of Germany, the estate of Kaussen is ineligible for relief under the bankruptcy laws of the United States.

■ It is clear, however, that a petition pursuant to § 304 does not commence a "case" under Title 11. The legislative history states that

> [t]his section governs cases filed in the bankruptcy courts that are ancillary to foreign proceedings. That is, where a foreign bankruptcy case is pending concerning a particular debtor and that debtor has assets in this country, the foreign representative may file a petition under this section, *which does not commence a full bankruptcy case,* in order to administer assets located in this country, to prevent dismemberment by local creditors of assets located here, or for other appropriate relief. The debtor is given the opportunity to controvert the petition.

Report of the Committee on the Judiciary, S.Rep. No. 989, 95th Cong., 2nd Sess. 35 (1978), U.S. Code Cong. & Admin.News 1978, pp. 5787, 5821. The question then becomes must there be a "debtor" within the meaning of the Bankruptcy Code in order to invoke the jurisdiction of this Court through § 304?

The Court has carefully considered the briefs submitted by the Parties on this issue. From the facts before the Court, there are very strong reasons to exercise jurisdiction for the sake of comity. Here we have German nationals, who have lost their appeals to assert their interests in Kaussen's estate in the Courts of the Federal Republic of Germany, turning to the probate laws of the State of Georgia. In Georgia, they will receive what they could not from their own home courts.

On the other hand, the Court must work within the Bankruptcy Code as it is written. A methodical examination of the definitions provided in the Code leads the Court to the unavoidable conclusion that one must qualify to be a "debtor" under the Code before this Court can exercise its jurisdiction pursuant to § 304. In the United States, each state has a system for liquidating and disposing of the estates of deceased persons. This includes those of United States citizens as well as those of foreign nationals. By not including probate estates as entities eligible for relief under the Bankruptcy Code, Congress deliberately chose these state systems for disposing of property in probate estates over the national bankruptcy system provided for in the Code. The Court is unable to find any authority to demonstrate that Congress intended to make an exception for foreign probate estates.

In addition to the lack of any positive statement from Congress, determination of eligibility requirements of § 304 is further complicated by the paucity of cases regarding this section. A few cases focus on the application of the factors listed in § 304(c). *See, e.g., In re Toga Mfg. Ltd.,* 28 B.R. 165 (Bankr.E.D.Mich.1983); *In re Culmer,* 25 B.R. 621 (Bankr.S.D.N.Y.1982). Two courts have stated or, at least assumed that, the existence of a "debtor" under the Bankruptcy Code was a prerequisite to relief under § 304. In *Angulo v. Kedzep, Ltd.,* 29 B.R. 417 (S.D.Tex.1983), the Court concluded that because it was shown that Kedzep could be a debtor under Chapter 11 of the Bankruptcy Code, the Trustee had "met the threshold prerequisites for application of section 304." 29 B.R. at 418. The Court in *Universal Casualty & Sur. Co. v. Gee (In re Gee),* 53 B.R. 891 (Bankr. S.D.N.Y.1985), held that only the requirement of § 109(a) must be satisfied in order to qualify for relief under § 304. Section 109(a) provides that "[n]otwithstanding any other provision of this section, only a person that resides or has a domicile, a place of business, or property in the United States, or a municipality, may be a debtor under this title."

The treatise *Collier on Bankruptcy* discusses the very issue before the Court and questions whether jurisdiction can be exercised pursuant to § 304 under these circumstances.

[T]hat a foreign administration of a decedent's estate *is not* a "foreign proceeding" under section 101(20) is suggested by the fact that both sections 101(20) and 304 refer to a "debtor," which the Code defines to mean a person or municipality, and a "person" under the Code does not include a decedent's estate. And at least one court has held that the threshold prerequisites for application of section 304 include a showing that the foreign debtor could be a debtor under the Code. Moreover, that Congress could have intended to exclude American decedents' estates from the protection of the Bankruptcy Code while extending that protection to foreign decedents' estates is a questionable proposition. It may also be significant that the Uniform Probate Code, which the Commission deemed adequate to cover domestic administration of insolvent decedents' estates, provides for "ancillary administration" by "foreign personal representatives."

2 *Collier on Bankruptcy* ¶ 304.01 at 304–12 (15th ed. 1986) (footnotes omitted) (emphasis in original).

In the instant proceeding, if comity was the only factor to be considered, this Court would not hesitate to exercise its jurisdiction. As the facts now appear before the Court, this is mainly a contest between the German bankruptcy trustee and Kaussen's heirs. The heirs have lost in their own home courts and are now pursuing their claims in a more favorable forum, to wit: the Probate Court of Fulton County, Georgia. It does seem to be a great affront to the principles of comity to allow this to occur. However, this Court is convinced that it is unable to exercise its jurisdiction to enforce the orders of the German Courts because the drafters of the Code intended that an entity must qualify to be a "debtor" under the Code before relief can be entered pursuant to § 304. It is an unfortunate result in this particular case under these particular circumstances, but, as a general policy, the Court sees the wisdom in deferring to the state court probate systems in handling decedent's estates.

## ORDER

Therefore, in accordance with the reasoning above, it is the Order of the Court that the Motion to Dismiss filed by Edgardo L. Parungao be, and the same hereby is, GRANTED.