**In re BANCO de DESCUENTO, Debtor.**

**Bankruptcy No. 85–02674–BKC–AJC.**

United States Bankruptcy Court,
S.D. Florida.

Aug. 4, 1987.

James J. Kenny, Kenny Nachwalter & Seymour, P.A., Miami, Fla., for debtor.

Tumpson & Astbury, Law Offices of Mark V. Silverio, Miami, Fla., for respondent First Palm Beach Intern. Bank.

St. Julien P. Rosemond, Jr., Salley, Barns, Pajon, Guttman & Del Valle, Miami, Fla., for respondent Totalbank.

Julius I. Friedman, North Bay Village, Fla., and Gregory A. Martin, Wallace, Engels, Pertnoy & Martin, Miami, Fla., for respondent Capital Bank.

Shutts & Bowen, Miami, Fla., for respondent Marine Midland Intern. Bank.

David C. Profilet, Smathers & Thompson, Miami, Fla., for respondent Pan American Intern. Bank.

Dale F. Webner, Trenam, Simmons, Kemker, Scharf, Barkin, Frye & O'Neill, P.A., Miami, Fla., for respondent Florida Nat. Bank.

## MEMORANDUM ORDER GRANTING PETITION UNDER 11 U.S.C. § 304

A. JAY CRISTOL, Bankruptcy Judge.

Dr. Alfonso Trujillo Bustamante, Superintendent of Banks of the Republic of Ecuador as Liquidator of Banco de Descuento ("Petitioner") has filed a Petition under 11 U.S.C. § 304 for relief ancillary to a foreign administration. The petition is opposed only by Respondent First Palm Beach International Bank, now known as First National Bank of Palm Beach ("First Palm Beach").

The matter is before the Court on cross motions for summary judgment by Peti-

tioner and by Respondent First Palm Beach. Petitioner and Respondent First Palm Beach stipulated to "cooperate to attempt to present the controlling legal questions to the Court for efficient resolution through cross motions for summary judgment." The Court approved this stipulation. The cross motions for summary judgment have now been fully briefed and the Court has heard extended argument on the motions.

After hearing oral argument on the cross motions for summary judgment, on May 9, 1986, the Court entered an order finding jurisdiction and enjoining litigants in pending suits from enforcing or executing on any judgments obtained without leave of the Court. In its Order dated May 9, 1986, the Court also enjoined the commencement of any new proceedings against the debtor or its property in any United States court except a bankruptcy court and at the same time reserved ruling on the pending cross motions for summary judgment.

Thereafter, on September 25, 1986, First Palm Beach moved the Court for an order reserving ruling on the pending cross motions for summary judgment. After hearing oral argument, the Court denied First Palm Beach's motion and directed the parties to submit proposed memorandum orders on the pending cross motions for summary judgment.

### 1. *Jurisdiction and Venue*

 First Palm Beach has contended that this Court lacks subject matter jurisdiction and that venue is improper in this District. 11 U.S.C. § 304 expressly authorizes bankruptcy courts to grant relief as set forth in the statute in cases ancillary to a foreign proceeding. This Court therefore has subject matter jurisdiction. 28 U.S.C. § 1410(a) provides that an 11 U.S.C. § 304 petition may be heard in the District in which an action against which an injunction is sought is pending. Without dispute, Case No. 85–2683–Civ–King is pending in the Southern District of Florida, and venue is therefore proper in this District. Moreover, without dispute, First Palm Beach is located in this District, and it admits that it has possession of funds obtained in the civil action brought against the debtor, Banco de Descuento, in the United States District Court for the Southern District of New York, Case No. 85 Civ. 3656 (WCC) ("the New York case"). Venue in this District is therefore also proper under 28 U.S.C. § 1410(b).

### 2. *The Foreign Proceedings*

Petitioner is the Superintendent of Banks of the Republic of Ecuador. Petitioner is the liquidator in accordance with the General Law of Banks of the Republic of Ecuador of Banco de Descuento, an Ecuadorian bank located in Guayaquil, Ecuador. On May 17, 1985, by Resolution 85–1113, Banco de Descuento was taken over for liquidation by the Superintendent of Banks of the Republic of Ecuador. It appears from the General Law of Banks of the Republic of Ecuador that the liquidation of Banco de Descuento is a foreign proceeding within the meaning of 11 U.S.C. § 304.

Petitioner is not acting through a foreign court. However, state and national banks in the United States are also not liquidated by Courts but by insuring regulatory agencies such as the Federal Savings and Loan Insurance Corporation and the Federal Deposit Insurance Corporation. See, e.g., 12 U.S.C. § 1729; 12 U.S.C. § 1821; and *Fla. Stat.* § 658.80(2). The General Law of Banks of the Republic of Ecuador establishes a generally similar system for the liquidation of insolvent Ecuadorian banks.

The General Law of Banks of the Republic of Ecuador provides by Article 131 for a stay of proceedings and prohibits alienation or attachments of the assets of a bank in liquidation. Article 131 also provides for determination of the claims of creditors against a bank in liquidation by the Superintendent of Banks, and Articles 145 through 149 provides for a determination of the priority of claims and, after marshalling of assets, for distribution to creditors. The General Law of Banks of the Republic of Ecuador prohibits preferences, and provides for equal treatment for all claimants and creditors, Ecuadorian and

foreign, in accordance with the priorities established by law.

■ Respondent First Palm Beach argues that Banco de Descuento was in fact insolvent long before May 17, 1985, and that Petitioner's predecessor attempted to avoid the adverse political implications of liquidation of a bank by permitting Banco de Descuento to continue to operate, despite its insolvency, through May 17, 1985. However, 11 U.S.C. § 304(c), provides:

> In determining whether to grant relief under subsection (b) of this section, the court shall be guided by what will best assure an economical and expeditious administration of such estate."

Neither the cause or the timing of the institution of the foreign proceedings nor responsibility for the insolvency relate to the question of what would best assure the economical and expeditious administration of the assets of Banco de Descuento. The General Law of Banks of the Republic of Ecuador as written is clearly not repugnant to American laws and policies. Nor is the General Law of Banks of the Republic of Ecuador as written "inherently vicious, wicked or immoral." *Matter of Culmer*, 25 B.R. 621, 629 (S.D.N.Y.1982), quoting *Cornfeld v. Investors Overseas Services, Ltd.*, 471 F.Supp. 1255, 1259 (S.D.N.Y. 1979), quoting *Intercontinental Hotels Corp. v. Golden*, 15 N.Y.2d 9, 13, 154 N.Y. S.2d 527, 529, 203 N.E.2d 210, 212 (1964).

It also appears without dispute that on July 19, 1985, Respondent First Palm Beach filed a claim with Petitioner in the proceedings in Ecuador.

### 3. *11 U.S.C. § 304*

Section 304 of Title 11 was enacted as a part of the Bankruptcy Reform Act of 1978 to address complex and increasingly important problems involving the legal effect the United States courts give to foreign bankruptcy proceedings. *Cunard Steamship Company v. Salen Reefer Services AB*, 773 F.2d 452, 454 (2nd Cir.1985). Even prior to the enactment of Section 304, Courts in the United States granted comity to foreign bankruptcy proceedings. *Cornfeld v. Investors Overseas Services, Ltd.*,

471 F.Supp. 1255 (S.D.N.Y.), *aff'd*, 614 F.2d 1286 (2nd Cir.1979). Comity was defined by the Supreme Court in *Hilton v. Guyot*, 159 U.S. 113, 164, 16 S.Ct. 139, 143, 40 L.Ed. 95 (1895) as:

> the recognition which one nation allows within its territory to the legislative, executive, or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens or of other persons who are under the protection of its laws.

As the Supreme Court stated in *Canada Southern Railway v. Gebhard*, 109 U.S. 527, 537–38, 3 S.Ct. 363, 369–70, 27 L.Ed. 1020 (1883):

> [E]very person who deals with a foreign corporation impliedly subjects himself to such laws of the foreign government, affecting the powers and obligations of the corporation with which he voluntarily contracts, as the known and established policy of that government authorizes. To all intents and purposes, he submits his contract with the corporation to such a policy of the foreign government, and whatever is done by that government in furtherance of that policy, which binds those in like situation with himself, who are subjects of that government, in respect to the operation and effect of their contracts with the corporation, will necessarily bind him. He is conclusively presumed to have contracted with a view of such laws of that government, because the corporation must of necessity be controlled by them, and it has no power to contract with a view to any other laws with which they are not in entire harmony.

Respondent First Palm Beach voluntarily determined to provide financing for Ecuadorian transactions, guaranteed by a bank organized and operating under Ecuadorian law.

The Court has reviewed the cases and other authorities cited by the parties, and finds *Matter of Culmer*, 25 B.R. 621 (S.D. N.Y.1982) and *Lineas Aereas De Nicaragua, S.A.*, 13 B.R. 779 (S.D.Fla.1981) to be controlling. Both cases emphasize the flexibility available under Section 304 to

apply the statutory criteria to the specific circumstances in each case to arrive at a fair result. *Matter of Culmer*, 25 B.R. at 627–28; *Lineas Aereas De Nicaragua, S.A.*, 13 B.R. at 780. As stated in *Matter of Culmer*, 25 B.R. 621, 628 (S.D.N.Y. 1982):

> It is the Court's opinion based upon the wording and legislative history of Section 304 that the central examination which it must undertake in order to comply with Section 304(c) is whether the relief petitioners seek will afford equality of distribution of the available assets.

See also *In re Gee*, 53 B.R. 891 (S.D.N.Y. 1985).

The grant of the Petition will best assure the economical and expeditious administration of the assets of Banco de Descuento, and the Petition is therefore granted subject to the limitations set forth below.

### 4. *Limitations On Grant Of Petition To Assure Fair Treatment Of American Creditors*

As stated above, the General Law of Banks of the Republic of Ecuador *as written* prohibits preferences and provides for equal treatment for all claimants and creditors. Respondent First Palm Beach contends, however, that an overly generous settlement of a strike and collective bargaining dispute by Petitioner in Ecuador resulted in a preference. Petitioner has pointed out in response that the settlement was approved by the Labor Court in Ecuador. This Court cannot now determine whether the Labor Court in Ecuador reached its decision in accordance with regular and fair proceedings consistent with fundamental standards of due process.

The Court will therefore require the maintenance in the United States of the assets and property of Banco de Descuento now in the United States pending further order of this Court. As the proceedings in Ecuador progress, the Court will be able to assess whether the General Law of Banks of the Republic of Ecuador, *as applied*, provides fair treatment to United States creditors.

The parties are in sharp disagreement as to whether it would be appropriate to provide for a mini administration of funds in the United States pending a determination of whether the General Law of Banks of the Republic of Ecuador, as applied, provides for fair treatment of United States creditors.

### 5. *Reservation of Ruling On The New York Attachment*

Petitioner seeks to avoid a transfer from Banco de Descuento of $316,176.57 to Respondent First Palm Beach through prejudgment attachment in a civil action against Banco de Descuento in the United States District Court for the Southern District of New York. The Court hereby reserves ruling on that issue.

IT IS THEREFORE ORDERED:

A. Petitioner's motion for summary judgment is granted in part as set forth below. Respondent First National Bank of Palm Beach's motion for summary judgment or in the alternative for partial summary judgment is denied.

B. The Petition under 11 U.S.C. § 304 is granted.

C. The Respondents, and their officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with them who receive actual notice of this Order, are hereby enjoined from commencement or continuation of any action against Banco de Descuento, or the Petitioner as Liquidator of Banco de Descuento, or its assets or property.

D. Except as provided by paragraph E below, all Respondents are hereby ORDERED to turn over to Petitioner within twenty (20) days from the date hereof all assets and property of Banco de Descuento, including funds on deposit in any bank account that was the property of Banco de Descuento, for administration and distribution in the proceedings in Ecuador.

E. Respondent First National Bank of Palm Beach may retain funds obtained from Banco de Descuento in Case No. 85–2683–Civ–King in the Southern District of Florida and in Case No. 85 Civ. 3656 (WCC)

in the Southern District of New York pending further order of this Court.

F. All funds and property of Banco de Descuento ordered to be turned over to Petitioner shall be paid by cashier's check payable to "Superintendent of Banks, Republic of Ecuador", and shall be delivered to Petitioner's counsel, James J. Kenny, Kenny Nachwalter & Seymour, P.A., 400 Edward Ball Building, 100 Chopin Plaza, Miami, Florida 33131.

G. Petitioner is ORDERED to maintain the funds of Banco de Descuento obtained through this Order in an interest bearing account in a bank in the Southern District of Florida until final disposition of any appeals from this Order and the entry thereafter of further order of this Court.

H. This Court will hereafter consider motions by the parties with respect to a mini administration of funds and assets in the United States pending final determination of this case, and retains jurisdiction for purposes of enforcing this Order and entering any further orders in accordance with 11 U.S.C. § 304 as may be appropriate.