## In re ESTATE OF Earl L. GRASSMAN, Debtor.

### Bankruptcy No. 688–60310.

United States Bankruptcy Court, D. Oregon.

Oct. 12, 1988.

James Smith, Medford, Or., for debtor.

Thomas Marks, Beaverton, Or., trustee.

M. Gail Lewis, Portland, Or., for trustee.

Michael Arola, Hershner, Hunter, Moulton, Andrews & Neill, Eugene, Or., for DeKalb Equipment Leasing Corp.

Paul Garrick, Asst. Atty. Gen., Dept. of Justice, Salem, Or., for Oregon Dept. of Veterans' Affairs.

## MEMORANDUM OPINION

ALBERT E. RADCLIFFE, Bankruptcy Consultant.

This matter comes before the court upon the court's order to show cause why this case should not be dismissed for lack of subject matter jurisdiction.

## BACKGROUND

Earl L. Grassman and his wife, Carol L. Grassman, were debtors in a Chapter 13 proceeding which was pending when Earl L. Grassman died on July 28, 1985. The Chapter 13 proceeding was subsequently dismissed on March 24, 1987.

On February 9, 1988, the Estate of Earl L. Grassman filed its petition for relief herein under Chapter 12 of the Bankruptcy Code. The petition shows Carol L. Grassman, David L. Grassman, Lawrence J. Grassman and Carol M. Brown as heirs. Carol L. Grassman is the spouse of Earl L. Grassman (the decedent). The other named heirs are the decedent's children. The petition was signed by David L. Grassman as personal representative.

This court, sua sponte, issued its order to show cause why this case should not be dismissed for lack of subject matter jurisdiction on February 26, 1988.

A hearing was held concerning the order to show cause on April 5, 1988. At the hearing, the court established a post-hearing briefing schedule and granted the debtor an extension of time in which to file a Chapter 12 plan.

In response, the debtor has submitted a memorandum supporting jurisdiction. The trustee, the Oregon Department of Veterans Affairs (ODVA) and DeKalb Equipment Leasing Corporation (DeKalb) have submitted opposing memoranda contending that there is a lack of subject matter jurisdiction. (DeKalb has also formally moved to dismiss this case due to lack of jurisdiction, which has been treated by the court

as a memorandum in response to the court's order to show cause).

The heirs have continued the former farming operation of the decedent. They claim to have equal ownership rights in the farming operation. They further claim that Lawrence Grassman and his family reside on the farm property and that David Grassman helps with the farm business and with parts of the crop raising and harvesting. All four heirs share equally by agreement in losses, profits and in decision making and plan to do so in the future.

## ISSUE

Is the debtor, as a probate estate, eligible to be a debtor under the Bankruptcy Code? If not, may the debtor be considered a partnership in order to be eligible for relief under Chapter 12 of the Bankruptcy Code?

## DISCUSSION

All statutory references are to the Bankruptcy Code, Title 11 U.S.C., unless otherwise indicated.

Section 109 provides in pertinent part as follows:

(a) Notwithstanding any other provision of this section, only a *person* that resides or has a domicile, a place of business, or property in the United States, or a municipality, may be a debtor under this title.

(f) Only a *family farmer* with a regular annual income may be debtor under Chapter 12 of this title. (emphasis added.)

"Person" is defined by § 101(35) to include" ... individual, partnership, and corporation, ..."

"Family farmer" is defined by § 101(17) as:

"(A) individual or individual and spouse ...; or

(B) corporation or partnership in which more than 50 percent of the outstanding stock or equity is held by one family, or by one family and the relatives of the members of such family, and such family or such relatives conduct the farming operation, and ..."

Section 101(14) contains the following definition: "entity" includes *person, estate, trust, governmental unit, and United States Trustee* ... (emphasis added.)

It has been held that a probate estate may not be a debtor under the Bankruptcy Code. *In re Estate of Whiteside by Whiteside,* 64 B.R. 99 (Bankr.E.D.Cal.1986); *In re Goerg,* 64 B.R. 321 (Bankr.N.D.Ga 1986); *In re Estate of Patterson,* 64 B.R. 807 (Bankr.W.D.Tex.1986). These courts based their decision upon the reasoning that a probate estate is not a "person" as defined by the statutes set forth above.

> ... that an estate is not meant to be included in the definition of person is demonstrated by examination of Section 101(14) which defines "entity" to include "person, estate, trust, and governmental unit." 11 U.S.C. 101(14). If estate had already been included in the definition of person, Congress would have seen no need to include it separately in its definition of entity. *In re Estate of Whiteside by Whiteside,* 64 B.R. 99, 100.

This conclusion is supported by the legislative history of § 101(35).

> The definition does not include an estate or a trust, which are included only in the definition of "entity" in proposed 11 USC 101(14). (HR Rep No. 95–595, 95th Cong, 1st Sess 312–13 (1977; S Rep No. 95–989, 95th Cong, 2d Sess 25 (1978).

Debtor relies upon the fact that none of the cases cited above were cases decided under Chapter 12 of the Bankruptcy Code. There is, however, no valid distinction. It is clear that the debtor must be a person in order to be a family farmer since a family farmer can only be an individual, individual and spouse, corporation or partnership, all of which are included within the definition of "person" which does not include a probate estate.

Finally, the debtor urges this court to treat the debtor as a partnership since the heirs are operating the decedent's farm as a family and they would otherwise satisfy the definition of partnership under § 101(17). The debtor admits, however, that: "It is true that the assets and debts are involved in an estate proceeding at this time." Debtor's Memorandum Regarding Jurisdiction, lines 6 and 7, page 5.

Creditors ODVA and DeKalb point out that a probate estate is administered by the Oregon state courts pursuant to Oregon law, O.R.S. Chapters 111–119. They contend that the estate cannot be subjected to dual administration by the bankruptcy court and by the state courts. They further contend that this court may not contravene the jurisdiction of the state courts and administer a probate estate. The creditors' argument is persuasive.

This court takes no position as to whether or not the "heirs" would be eligible to file their own Chapter 12 petition as a partnership. It is clear, however, for the reasons set forth above, that the Estate of Earl L. Grassman may not be a debtor under any chapter of the Bankruptcy Code. Accordingly, as this court lacks subject matter jurisdiction, this case must be dismissed, an order consistent herewith shall be entered.

This opinion shall constitute this court's findings of fact and conclusions of law; they shall not be separately stated.