**In re OFFICINA CONTI, S.R.L., Debtor.**

**Bankruptcy No. 88–03802.**

United States Bankruptcy Court,
D. South Carolina.

Aug. 8, 1989.

William F. Halligan, Columbia, S.C., for plaintiff/debtor.

Robert C. Wilson, Jr., Greenville, S.C., for defendant Vanise.

### ORDER DENYING MOTION TO DISMISS PETITION

WILLIAM THURMOND BISHOP, Bankruptcy Judge.

This matter comes before the Court on the motions of Vanise Corporation (Vanise) dated December 30, 1988 and March 21, 1989, to dismiss the Debtor's Petition in a Case Ancillary to Foreign Proceedings filed November 29, 1988 pursuant to 11 U.S.C. § 304. The basis for the motions to dismiss are that venue in the bankruptcy court for the district of South Carolina is not proper under 28 U.S.C. § 1410. The motions were heard on April 12, 1989. The Court holds that Vanise's motion to dismiss should be denied because venue is proper under 28 U.S.C. § 1410(a) and (b), and that the Debtor's Petition should be granted.

1. *Issues Presented.*

The issue before the Court is to determine proper venue for a bankruptcy case ancillary to a foreign proceeding which seeks to enjoin enforcement of an unsatisfied South Carolina judgment by a South Carolina corporation against the United States assets of an Italian corporation, wherever and whenever they exist, and possibly to obtain a turnover of assets of the debtor's estate. Since the Court holds that venue is proper, the Petition filed November 29, 1988, should be granted. However, whether the debtor is entitled to the relief it seeks will be determined in the adversary proceeding.

2. *Factual Background.*

The debtor is an Italian corporation that manufactures textile machinery. In No-

vember of 1985, Vanise became a sales agent of the debtor. In the summer of 1986, a dispute arose between Vanise and the debtor about a sales commission that Vanise alleged was owed to it from a sale of textile machinery by the debtor to V.I. Prewett & Son, Inc. (Prewett). Vanise sued the debtor in August of 1987 in the Court of Common Pleas for Greenville County, South Carolina, to collect the commission. In March of 1988 the state court held that it had jurisdiction, and the trial in September of 1988 resulted in a jury verdict and judgment of $150,000.00 for Vanise. In July of 1988, the debtor had begun Italian insolvency proceedings.

The petition under 11 U.S.C. § 304 was filed on November 29, 1988. On December 8, 1988, Giuseppe Conti, as foreign representative of the estate of the debtor, filed an adversary proceeding against Vanise, Adversary Complaint Number 88–4375, seeking an injunction to prohibit Vanise from attempting to collect its judgment by any means other than participation in the Italian insolvency proceedings. Vanise filed various motions on December 30, 1988, including a motion to dismiss the petition. The motion to dismiss dated March 21, 1989, was supported by a memorandum stating the particular grounds of the motion.

Vanise initiated an action in DeKalb County, Alabama in November of 1988 to collect its South Carolina judgment. On or about February 22, 1989, Vanise obtained a judgment of the Alabama court requiring Prewett to pay $66,440.90 to Vanise, which amount had been owed by Prewett to the debtor. Vanise has submitted an affidavit stating that it has obtained the funds from Alabama, that it has paid the funds to its creditors, and that the funds are no longer in either Alabama or South Carolina. Thus, there now is no connection with Alabama; Vanise and whatever funds are held by Vanise are in South Carolina, and Vanise has an unsatisfied judgment from a South Carolina state court.

3. *Venue is Proper Under 28 U.S.C. § 1410(a) and (b).*

28 U.S.C. § 1410 establishes venue of cases under 11 U.S.C. §. 304. The petition filed November 29, 1988 alleges that venue is proper under Section 1410(a). 28 U.S.C. § 1410(a) and (b) provide as follows:

(a) A case under section 304 of title 11 to enjoin the commencement or continuation of an action or proceeding in a State or Federal court, or the enforcement of a judgment, may be commenced only in the district court for the district where the State or Federal court sits in which is pending the action or proceeding against which the injunction is sought.

(b) A case under section 304 of title 11 to enjoin the enforcement of a lien against a property, or to require the turnover of property of an estate, may be commenced only in the district court for the district in which such property is found.

Vanise argues that there is no "action or proceeding" "pending" in South Carolina within the meaning of subsection (a), and there is no property in South Carolina within the meaning of subsection (b). Since the requirements of Section 1410(c) are not met, Vanise asserts that there is no proper venue for the case, which therefore must be dismissed.

The term "proceeding" as used in Section 1410(a) is very broad. "As ordinarily used, it is broad enough to include all methods of invoking the action of courts ... and all possible steps in an action from its institution to the execution of judgment...." 1 Am.Jur.2d *Actions* § 3 at 542. As used under the Bankruptcy Code, "proceedings" mean essentially anything that happens in a bankruptcy case:

[t]he filing of a petition for relief constitutes commencement of the title 11 case. From that beginning follow all of the proceedings, whether called controversies, contested matters, suits, actions or disputes, that will occur in the unfolding of the case under the Bankruptcy Code. 1 *Collier on Bankruptcy,* ¶ 3.01[1][c] at 3–20 (15th ed. 1989).

It has been held that an action is pending until the judgment is fully satisfied. *E.g., State v. Tugwell,* 19 Wash. 238, 52 P. 1056, 1063 (1898); *Sweetser v. Fox,* 43 Utah 40,

134 P. 599, 601 (1911); *Jaubert Bros. v. Landry,* 15 So.2d 158, 160 (La.App.1943) (cited in 31A Words & Phrases, "Pending Action" at 509, 529).

The Court concludes that the active dispute between Vanise and the debtor about enforcement and collection of the judgment and Vanise's unsatisfied judgment constitute a pending "action or proceeding" satisfying the requirements of Section 1410(a).

The Court's holding avoids a nonsensical construction of Section 1410(a). Vanise's construction would mean that Section 1410(a) provides that an ancillary case "to enjoin the commencement ... of an action ... may be commenced only in the district court for the district ... in which is pending the action ... against which the injunction is sought." This would require the action to be pending before the debtor could seek an injunction to prevent its commencement. The Court's holding should, and does, avoid such a result.

Furthermore, *Colliers* suggests that 28 U.S.C. § 1410 was drafted to fit the pattern of 11 U.S.C. § 304(b). 1 *Collier on Bankruptcy* ¶ 3.02[3][b] at 3–143. 11 U.S.C. § 304(b)(1)(B) provides that the "Court may enjoin the commencement or continuation of ... the enforcement of any judgment against the debtor with respect to [property involved in such foreign proceeding]...." This language is broad enough to include the debtor's attempt to stop Vanise from continuing efforts to enforce its judgment.

If the Court held that venue in this district is not proper, it would place a heavy burden on the Debtor in its efforts to preserve United States assets from dismemberment by local creditors. The Debtor would be required to anticipate the various jurisdictions where Vanise might bring an action to collect on its South Carolina judgment and pursue multiple injunction proceedings. This would greatly inhibit the continuation of the debtor's United States business. Such a burden would contravene the stated congressional goals of rehabilitation and of preventing dismemberment by local creditors of assets located in the United States. *See,* H.Rept. No. 95–595 to ac-

company H.R. 8200, 95th Cong., 1st Sess. (1977, p. 324), U.S.Code Cong. & Admin. News 1978, p. 5787.

■ Vanise has moved to dismiss the ancillary case for improper venue. Facts which have occurred since the Petition was filed may justify a supplemental adversary complaint to seek a turnover of property. The Court has been advised at argument that the Debtor anticipates moving to amend its adversary complaint to seek the turnover of the amount obtained by Vanise from Prewett. Venue of the ancillary case then would be proper in this district under Section 1410(b), which allows a Section 304 case to be brought to require the turnover of property of an estate in the district in which such property is found.

In *In re Banco de Descuento,* 78 B.R. 337, 16 B.C.D. 459 (Bkrtcy.S.C.Fla.1987), a creditor, located in the district where the bankruptcy proceeding was pending, had possession of funds it had obtained in a civil action brought against the debtor in another state. The court found that venue was proper because these funds were located within its district. Vanise has submitted an affidavit stating that it has paid to its creditors the funds it has collected on the South Carolina judgment, and thus the funds are no longer in South Carolina. Since the Debtor would be seeking the turnover of cash, it may be entitled to a judgment of the bankruptcy court against Vanise under 11 U.S.C. §§ 304(b)(2) and 542 and Italian law, in the amount of the cash obtained from Prewett. The Court holds that these facts would support venue in South Carolina of the ancillary case under 11 U.S.C. § 1410(b).

4. *Conclusion.*

Now therefore, it is

ORDERED that venue of this ancillary case under 11 U.S.C. § 304 is proper in the United States Bankruptcy Court for the District of South Carolina under 28 U.S.C. § 1410(a) and (b); and it is further

ORDERED that the motion of Vanise Corporation to dismiss the Petition is denied; and it is further

ORDERED that the Petition in a Case Ancillary to Foreign Proceedings filed November 29, 1988, pursuant to 11 U.S.C. § 304 hereby is granted;

AND IT IS SO ORDERED.