In the Matter of Samuel Phillip STUPPEL, Debtor,

and

Moira R. Stuppel a/k/a Moira R. Schleicher, His Present or Former Wife.

Bankruptcy No. 79–01419–BKC–SMW.

United States Bankruptcy Court, S. D. Florida.

Oct. 21, 1980.

John W. Kozyak, Miami, Fla., for petitioners Mahoney, Hadlow & Adams, Miami, Fla.

William C. Hillman, Strauss, Factor, Chernick & Hillman, Providence, R.I., Co-Counsel, for petitioners.

Schatzman & Schatzman, for Moria Schleicher, Miami, Fla.

## ORDER

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE came before the Court upon the Motion of MOIRA R. SCHLEICHER to Dismiss the instant Petition for Ancillary Case Under Section 304.

In November of 1979, the Petitioners filed their original Petition for Ancillary Case, which is still pending before this Court. The original Petition named only SAMUEL PHILLIP STUPPEL (STUPPEL) as the Debtor. The Petitioners have been unsuccessful in perfecting service upon STUPPEL. On December 6, 1979, and then subsequently on January 28, 1980, Orders to Show Cause were issued by this Court requiring STUPPEL to be served with the Petition. In each instance, the Petitioners were unable to serve STUPPEL or obtain jurisdiction over him. (See this Court's Orders entered January 8, 1980 and February 7, 1980.) Upon the advice of the Petitioners that they could not perfect service upon STUPPEL, this Court entered its Order of February 7, 1980, discharging and cancelling the Order to Show Cause which required service upon STUPPEL and directed his appearance before this Court for examination on February 14, 1980. No subsequent Order to Show Cause or process has been issued for service upon STUPPEL from this Court.

On July 1, 1980, the Petitioners filed a second Petition for Ancillary Case Under Section 304, joining MOIRA R. STUPPEL a/k/a MOIRA R. SCHLEICHER (SCHLEICHER), STUPPEL's former wife, along with STUPPEL, as Debtors. This Court now treats the second Petition as an amendment of the original filing.

The amended Petition alleges that STUPPEL and his former wife, SCHLEICHER, owned a parcel of real estate in Dade County, Florida, which was conveyed by Quit-Claim Deed by STUPPEL to SCHLEICHER on September 12, 1979.

The original Petition contained no allegation that STUPPEL was then the owner of any property, real or personal, within this district. The amended Petition alleges only that STUPPEL ". . . may own other assets which Petitioners will discover only through discovery proceedings."

In response to the amended Petition, SCHLEICHER has moved the Court to dismiss on jurisdictional grounds and to discharge the Lis Pendens filed of record against her property.

11 U.S.C. Section 304 governs the ancillary administration of foreign bankruptcy proceedings. Section 304(a) requires the filing of a petition in order to commence an ancillary case. Section 304(b) provides for an opportunity to controvert the petition by the party in interest. Should the party in interest fail to controvert the petition, the Court may then grant relief under Section 304(b).

The statute is somewhat vaguely drafted, however, the Legislative History provides a clear insight into the intent of the drafters. In order for Section 304 to be applicable, it must be shown that (1) there is a foreign bankruptcy case pending concerning the Debtor, and (2) that the Debtor

has assets in this country. Once the petition is filed, the Debtor must be given an opportunity to controvert it, before relief can be granted.

28 U.S.C. 1474(b) states that a case under Section 304 to require turn over of property may be commenced only in the bankruptcy court for the district in which said property is found.

The Petitioners' amended Petition makes no allegation that SCHLEICHER is a Debtor in a foreign bankruptcy case, nor does the amended Petition allege that as of the date, or subsequent thereto, of the filing of the original Petition, STUPPEL owned property within this district or anywhere else within this country.

The Court notes that no order granting relief under Section 304(b) against STUPPEL or his assets has been entered.

Therefore, it is this Court's determination that it is without jurisdiction over MOIRA R. STUPPEL a/k/a MOIRA R. SCHLEICHER, or any property owned by her and, therefore, lacks jurisdiction to grant the relief prayed for in the amended Petition filed on July 1, 1980 by the Petitioners. Thereupon, it is

CONSIDERED, ORDERED and ADJUDGED that the Motion of MOIRA R. SCHLEICHER to dismiss the Petitioners' Petition filed July 1, 1980 for Ancillary Case Under Section 304, be and the same is hereby granted. Said Petition, be and the same is hereby dismissed. It is further

ORDERED and ADJUDGED that the Notice of Lis Pendens and Lis Pendens filed in this matter on the following described property, be and the same is hereby discharged and cancelled:

Lot 12, in Block 1, of SKYLAKE MANORS, according to the Plat thereof, as recorded in Plat Book 84 at Page 13, of the Public Records of Dade County, Florida.