In the Matter of Samuel Phillip
STUPPEL, Debtor.

Alexander STRELITZ, David John Rennie and Rael Gordon, Appellants,

v.

Moira R. STUPPEL a/k/a Moira R.
Schleicher, Appellee.

No. 80–3207–Civ–SMA.

United States District Court,
S. D. Florida,
Miami Division.

July 30, 1981.

John W. Kozyak, Mahoney, Hadlow & Adams, Miami, Fla., William C. Hillman, Strauss, Factor, Chernick & Hillman, P. A., Providence, R. I., for appellants Alexander Strelitz, David John Rennie and Rael Gordon.

Robert A. Schatzman, Schatzman & Schatzman, P. A., Miami, Fla., for appellee Moira R. Stuppel a/k/a Moira R. Schleicher.

## FINAL ORDER

ARONOVITZ, District Judge.

PURSUANT to written Notice of Hearing to all counsel of record, this cause came on to be heard before the Court on May 21, 1981, upon Appellants' Appeal from an Order of the Bankruptcy Court pursuant to Rule 807. The Court entertained oral argument by counsel on behalf of Appellants and Appellee and, having studied the Memoranda of the parties and the applicable law and having reviewed the entire Record on Appeal, the Court herein renders its ruling granting this Appeal as set forth below.

This case came before the United States Bankruptcy Court, Southern District of Florida, Judge Sidney M. Weaver, upon Appellants' Petition for Ancillary Case under Section 304 of the Bankruptcy Code, 11 U.S.C. § 304. The Debtor, SAMUEL PHILLIPS STUPPEL (hereinafter "Stuppel") is a citizen of the Republic of South Africa, although his present whereabouts is

unknown to the Court. Stuppel was the subject of a bankruptcy proceeding or "sequestration" in South Africa, pursuant to which the Appellants were appointed Permanent Trustees of the estate under South African law.

The Record herein indicates that bankruptcy proceedings commenced against Stuppel pursuant to the Insolvency Act of the Republic of South Africa, No. 24 of 1936, by an Order of the Supreme Court of the Republic of South Africa, Cape of Good Hope Division, on April 20, 1979 provisionally sequestering Stuppel's estate. A final Order of Sequestration was entered on June 8, 1979. It is undisputed by the parties that the effect of sequestration is to divest the Debtor of his estate and to vest it in the Trustees appointed. Under a concept akin to community property law, the Trustees are also vested with the estate of the spouse of the insolvent.

In November of 1979, Appellants filed a Petition for Ancillary Case pursuant to Section 304 of the Bankruptcy Code. In this Petition, it was alleged that Appellants were joint Trustees in a bankruptcy or sequestration proceeding pending against Stuppel before the Supreme Court of South Africa. Based upon the Petition, the Bankruptcy Court below entered an Order to appear and show cause why the Court should not grant the relief prayed for in the Petition and order that certain property alleged to belong to Stuppel, located in Dade County, Florida, be turned over to the Trustees. The Order to appear and show cause was never served upon Stuppel and was subsequently vacated for that reason by the Court in February 1980.

On July 7, 1980, Appellants filed an Amended Petition for Ancillary Case under Section 304, which named, for the first time, MOIRA R. SCHLEICHER (hereinafter "Schleicher") as a party to the Petition. Schleicher, the Appellee in this proceeding, is the former wife of the foreign Debtor, Stuppel. She now resides in South Florida with her children and new husband.

At the time the Amended Petition was filed against Stuppel and Schleicher, a Lis Pendens was filed against the parcel of real property described as:

Lot 12, Block 1, of SKYLAKE MANORS, according to the Plat thereof, as recorded in Plat Book 84 at Page 13 of the Public Records of Dade County, Florida.

This property had originally been conveyed to Stuppel and Schleicher while they were married in 1978. Stuppel subsequently conveyed his interest in the property to Schleicher by Quit-Claim Deed on September 12, 1979. Schleicher is and remains the sole record owner of this property.

The Amended Petition alleged that the transfer of this property from Stuppel to Schleicher was ineffective as to the foreign Trustees. It further alleged that Appellants believed that Stuppel may own other property in the United States, although no additional facts were plead to support this belief. The Amended Petition further stated that it was believed Stuppel was domiciled in this district, but at the same time, acknowledged he could not be located for purposes of effecting service of process. Testimony provided by Schleicher in a deposition taken by Appellants indicates Stuppel may then have been residing in Mexico.

Upon being served with Appellants' Amended Petition, Schleicher filed a Motion to Dismiss the Amended Petition as to her, asserting that the Bankruptcy Court lacked personal jurisdiction over her since she was not a debtor in a foreign proceeding and that jurisdiction had not been acquired over the actual Debtor, Stuppel. Appellee further contended that no order for relief had been entered by the Bankruptcy Court pursuant to Section 304 and that the Court, therefore, lacked jurisdiction to grant any remedy to Appellants.

The Bankruptcy Court heard oral argument on Appellee's Motion and thereafter entered its Order, on October 21, 1980, dismissing the Amended Petition and dissolving the Lis Pendens. 7 B.R. 341 (Bkrtcy) It is from this Order that Appellants bring this appeal.

In granting the Motion to Dismiss, the Bankruptcy Judge relied upon three grounds:

1. "The ... Petition makes no allegation that [Schleicher] is a debtor in a foreign bankruptcy case."

2. "[N]or does the ... Petition allege that as of the date, or subsequent thereto, of the filing of the original Petition, Stuppel owned any property within this district ...."

3. "[N]o order granting relief under Section 304(b) against Stuppel or his assets has been entered."

Based upon these considerations, the Court ruled that it was without jurisdiction over Schleicher "and, therefore, lacks jurisdiction to grant the relief prayed for."

Upon Appeal, Appellants contend that the allegations of the Amended Petition are sufficient to support ancillary case administration pursuant to 11 U.S.C. § 304 and that inasmuch as this is an *in rem* proceeding, *in personam* jurisdiction over either Stuppel or Schleicher is irrelevant.

The Court's review of this Appeal is somewhat complicated by the fact that Section 304 had no predecessor under the prior Bankruptcy Act. The parties have not cited, nor has the Court's research located, any reported decisions addressing this jurisdictional question under Section 304. However, the Court is guided in its determination of the question presented by relevant case law cited by the parties and by the Court's review of the treatise Collier on Bankruptcy and references cited therein. Thereupon, the Court concludes and determines that the jurisdictional question raised here is governed by the principles of an *in rem* proceeding regarding real property located within the district. Thus the Court finds that the Bankruptcy Court has jurisdiction to entertain this action so long as the allegations of the Amended Petition are sufficient to invoke the Court's *in rem* jurisdiction within the contemplation of the Bankruptcy Act. Specifically, pursuant to Section 304, the allegations must establish the following:

1. A foreign proceeding against the Debtor;

2. A foreign representative entitled to file the action;

3. Presence within the district of property involved in the foreign proceeding.

*See* 2 Collier on Bankruptcy § 304.01, .02.

The Court finds that the allegations of the Amended Petition are sufficient, pursuant to Section 304, to invoke the Court's *in rem* jurisdiction to entertain the action. The allegations regarding the foreign proceeding against Stuppel and the appointment of the Appellants as Trustees thereunder are sufficient, substantiated, and uncontroverted by Appellee. Regarding the presence of property related to the proceeding, the Amended Petition sets forth allegations regarding both community property and fraudulent transfer, either of which is sufficient, in the Court's view, to satisfy the Section 304 requirement of property "involved in" the foreign proceeding. This Court intimates no view regarding the merits of either contention by Appellants, but concludes only that the allegations of the Amended Petition are sufficient to invoke the Bankruptcy Court's *in rem* jurisdiction to entertain the action under Section 304.

Schleicher was named a party in the Amended Petition because she is record title holder of the property over which Appellants, as Trustees, claim an interest pursuant to the foreign sequestration. Through these proceedings, the Bankruptcy Court is requested to extinguish Schleicher's interest as record title holder in favor of the Trustees' claim. Thereupon, the Court finds that Schleicher's presence in this action is not only proper but necessary. Although Schleicher is not a debtor in a foreign proceeding pursuant to Section 304, she is nevertheless a proper party to this *in rem* action by virtue of being the record title holder to property at issue here. However, while the Court herein concludes that Schleicher is a necessary party in any action seeking to adjudicate title to the above-described real property, she is not before the Bankruptcy Court for any other purpose and thus she is not subject to inquiry regarding any other assets which are not before the Court at this time. Further, it is cautioned that while this Court has deter-

mined that the Bankruptcy Court has jurisdiction to entertain the present case as an ancillary proceeding *in rem*, the Court intimates no view regarding the merits of the controversy. The Court assumes that, in the course of its further proceedings herein, the Bankruptcy Court will make appropriate findings pursuant to the criteria set forth in Section 304(c) in determining whether to grant relief.

In furtherance of this action, the Bankruptcy Court should, of course, direct Appellants to seek to effectuate such service of process as is most likely to afford actual notice to interested parties. However, within the contemplation of the Bankruptcy Code, substituted service may be effected upon the absent Debtor if necessity so requires.

Thereupon, in accordance with the foregoing, it is accordingly

ORDERED AND ADJUDGED that the Order of the Bankruptcy Court below dismissing this action is hereby REVERSED and this cause is hereby REMANDED to the Bankruptcy Court for reinstatement and further proceedings not inconsistent with the foregoing.