878 F.2d 111
 21 Collier Bankr.Cas.2d 222, 19 Bankr.Ct.Dec. 886,
Bankr. L. Rep. P 72,948
 INTERPOOL, LIMITED
v.
CERTAIN FREIGHTS OF THE M/VS VENTURE STAR, MOSMAN STAR,
FJORD STAR, LAKES STAR, LILY STAR, et al.
Appeal of Robert George DUNN, as Liquidator of the Estate of
KKL (Kangaroo Line) PTY Limited, debtor in a
foreign proceeding.
 No. 88-5833.
 United States Court of Appeals,
Third Circuit.
 Argued May 15, 1989.
Decided June 23, 1989.
 
 Donald J. Kennedy (argued), Alan Heblack, Haight Gardner Poor & Havens, New York City, for appellant.
 Hyman Hillenbrand (argued), Kenneth Fremont, Kroll & Tract, New York City, C. Douglas Wikle (argued), Wikle & Henry, Professional Corp., Los Angeles, Cal., for appellees.
 Before MANSMANN, GREENBERG and SCIRICA, Circuit Judges.
 OPINION OF THE COURT
 GREENBERG, Circuit Judge.
 
 
 1
 Presently before the court is an appeal by Robert George Dunn, the Australian liquidator of the estate of KKL (Kangaroo Line) Pty Limited ("KKL"), from an order of the district court denying his motion to dismiss a Chapter 7 proceeding brought by KKL's creditors and, correspondingly, granting leave for the Chapter 7 case to proceed. Because we find that Section 305(c) of the Bankruptcy Code forecloses appellate review of the district court's order, we will dismiss the liquidator's appeal.
 
 Background
 
 2
 KKL, an Australian company incorporated in 1983, operated a liner service between the west coast of the United States and Australia. In January 1986, KKL went into liquidation in Australia. At about the same time, various American creditors of KKL filed complaints in the United States District Court for the District of New Jersey, seeking warrants of arrest and writs of maritime attachment against the freights of KKL's vessels and such relief was issued.[1] These lien creditor actions were consolidated on February 11, 1986.
 
 
 3
 On February 19, 1986, the Australian courts ordered KKL to wind up operations and appointed Dunn as KKL's liquidator. On February 27, 1986, Dunn commenced a case ancillary to a foreign proceeding by filing a petition in the United States Bankruptcy Court for the District of New Jersey pursuant to 11 U.S.C. Sec. 304(a). He simultaneously filed a complaint in that court against the American lien creditors, seeking an order enjoining them from further proceeding against KKL's assets and requiring them to turn over those assets. On April 28, 1987, the district court entered an interim order withdrawing the section 304 petition from the bankruptcy court, consolidating it with the lien creditors' actions against KKL, and enjoining the creditors from proceeding against KKL's assets. Most of the maritime lien claims ultimately were resolved by order of April 15, 1988.[2]
 
 
 4
 Meanwhile, on April 2, 1986, a Chapter 7 involuntary petition in bankruptcy had been filed in the United States Bankruptcy Court for the Central District of California by other American creditors of KKL, which had provided it with transportation services. The case was transferred to the District of New Jersey in June 1987, and consolidated with the other actions involving KKL.
 
 
 5
 On September 3, 1987, the liquidator filed a motion to dismiss the Chapter 7 proceedings.[3] More specifically, in his notice of motion, the liquidator sought an order "pursuant to 11 U.S.C. Sec. 305, dismissing the pending Chapter 7 petition...." The motion subsequently was withdrawn, but on February 22, 1988, the liquidator again moved for dismissal of the Chapter 7 petition. This time, however, he sought a final order "[p]ursuant to Section 304 of the United States Bankruptcy Code" which would "recognize the pending Australian liquidation proceeding under principles of comity" and, correspondingly, would dismiss the Chapter 7 petition. The liquidator further sought approval of the settlement of the lien creditors' litigation; authorization of the distribution of assets to those creditors and to the liquidator; and an injunction prohibiting the continuation or commencement of any further proceedings against KKL. The Chapter 7 creditors opposed the liquidator's motion.
 
 
 6
 On October 14, 1988, the district court denied the liquidator's motion. In its comprehensive opinion, it first noted that most of the liens had been resolved by earlier orders, slip op. at 4 n. 1. It then went on to examine whether "the factors enumerated in Sec. 304(c)" warranted granting the liquidator's motion to dismiss the Chapter 7 proceedings, slip op. at 11, and ultimately determined that they did not. It accordingly held that "the Sec. 304 petition should not be granted and the motion for a Chapter 7 Petition should be granted and an Order for Relief entered," adding that "[a]ll of the assets located in the United States ... shall be considered part of the bankrupt estate and be administered under the laws of the United States Bankruptcy Code." Slip op. at 21. This appeal followed.
 
 Sections 304 & 305
 
 7
 As its caption--"cases ancillary to foreign proceedings"--indicates, section 304 governs not full-fledged bankruptcy cases, but rather limited proceedings "designed to operate in aid of a principal proceeding abroad." 2 Collier on Bankruptcy, p 304.01, at 304-8 (15th ed. 1988). The filing of a section 304 petition by a foreign representative does not trigger the automatic stay; instead, the foreign representative must affirmatively request injunctive or other available relief.[4]
 
 
 8
 Section 304(c) provides that the touchstone in determining whether to grant any requested relief is "what will best assure an economical and expeditious administration of [the] estate," consistent with six enumerated criteria.[5] If, after consideration of the relevant factors, the court decides that relief is warranted, section 304(b) authorizes it to provide a broad spectrum of remedies. Specifically, it may
 
 
 9
 (1) enjoin the commencement or continuation of--
 
 
 10
 (A) any action against--
 
 
 11
 (i) a debtor with respect to property involved in such foreign proceeding; or
 
 
 12
 (ii) such property, or
 
 
 13
 (B) the enforcement of any judgment against the debtor with respect to such property, or any act or the commencement or continuation of any judicial proceeding to create or enforce a lien against the property of such estate;
 
 
 14
 (2) order turnover of the property of such estate, or the proceeds of such property, to such foreign representative; or
 
 
 15
 (3) order other appropriate relief.
 
 
 16
 11 U.S.C. Sec. 304(b).
 
 
 17
 Significantly, section 304(b) does not mention "dismissal" as an available option. However, section 305 of the Code, entitled "Abstention," specifically addresses this alternative. Section 305(a) provides as follows:
 
 
 18
 (a) The court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if--
 
 
 19
 (1) the interests of creditors and the debtor would be better served by such dismissal or suspension; or
 
 
 20
 (2)(A) there is pending a foreign proceeding; and
 
 
 21
 (B) the factors specified in section 304(c) of this title warrant such dismissal or suspension.[6]
 
 Finally, section 305(c) provides:
 
 22
 (c) An order under subsection (a) of this section dismissing a case or suspending all proceedings in a case, or a decision not so to dismiss or suspend, is not reviewable by appeal or otherwise.
 
 
 23
 The legislative history emphasizes that "[t]he bankruptcy court, based on its experience and discretion is vested with the power of decision." H.R.Rep. No. 595, 95th Cong., 1st Sess. 325 (1977), reprinted in 1978 U.S.Code Cong. & Admin.News 5787, 5963, 6282; S.Rep. No. 989, 95th Cong., 2nd Sess. 36 (1978), reprinted in 1978 U.S.Code Cong. & Admin.News 5787, 5822.
 
 Discussion
 
 24
 In his February 22, 1988, motion, the liquidator placed not only his request for injunctive relief against KKL's lien creditors, but also his request for dismissal of the Chapter 7 proceedings, under the umbrella of section 304. Not surprisingly, therefore, the district court never mentioned section 305 in the context of its decision not to dismiss the Chapter 7 case, referring only to section 304.[7] According to the liquidator, the absence of any reference to section 305 in his motion to dismiss the Chapter 7 case renders section 305 inapplicable to this case, and appeal therefore is not foreclosed by section 305(c).
 
 
 25
 We cannot agree with the liquidator's analysis. Although section 304(b) provides the bankruptcy court with considerable leeway in fashioning an appropriate remedy, dismissal of a case is not an express option. Section 305, however, specifically addresses the court's authority to dismiss a case, incorporating the same criteria used in assessing whether to grant section 304 relief. Read in tandem, as we believe they should be, it is apparent that section 305 rather than section 304 was designed to control dismissal of a competing bankruptcy proceeding when a foreign proceeding is pending.[8] See In re Gee, 53 B.R. 891, 897 (Bkrtcy.S.D.N.Y.1985). The liquidator's omission of any reference to section 305 in his motion does not change this. Moreover, the bare fact that the district court did not rely on section 305 for its order simply does not alter the fact that the court, after considering the 304(c) criteria, decided not to dismiss a bankruptcy case--a decision governed by section 305.
 
 
 26
 The consequences of a contrary holding would be anomalous; motions seeking identical relief on identical grounds would be treated differently, without rhyme or reason, for purposes of appellate review. Relatedly, the availability of the simple expedient of seeking dismissal under section 304 rather than section 305 "would effectively obviate section 305." In re Gee, 53 B.R. at 905 n. 21. Indeed, in this very case, the liquidator previously filed a motion to dismiss under section 305, which he withdrew and ultimately replaced with a motion seeking similar relief against the Chapter 7 creditors under section 304. We can hardly attribute to Congress an intent to allow appellate review of decisions on dismissal to hinge upon maneuvering of this kind by the moving party. Rather, appealability should depend upon the nature of the decision rendered.[9]
 
 
 27
 The liquidator has cited no case law which directly supports his position.[10] He points out, however, that section 304 is not the exclusive remedy for a representative of a foreign bankrupt; that the representative may, alternatively, request the court to recognize pending foreign proceedings as a matter of international comity. See Remington Rand v. Business Systems Inc., 830 F.2d 1260, 1271-72 (3d Cir.1987); see also Cunard Steamship Co. v. Salem Reefer Svs., 773 F.2d 452, 454-56 (2d Cir.1985). Contending that an order grounded upon general principles of comity would be reviewable, the liquidator maintains that it would be inconsistent to preclude appellate review in his case--where principles of comity are implicated under section 304(c)(5)--yet permit such review in cases not brought under section 304.
 
 
 28
 The short answer is that regardless of whether or not there is an inconsistency, we cannot ignore the statutory scheme which the liquidator himself chose to utilize. Having filed a petition under section 304 and having secured diverse relief thereunder, the liquidator now seeks to avoid the statutory boundaries. We are neither willing nor able to allow him to do so.[11]
 
 Conclusion
 
 29
 When a foreign representative files an ancillary petition under section 304 of the Bankruptcy Code and thereafter seeks dismissal of a competing bankruptcy proceeding against the foreign debtor, such relief is governed by section 305 and the court's decision is nonreviewable. Because this is such a case, we lack jurisdiction to hear the liquidator's appeal and therefore we will dismiss it.[12]
 
 
 
 [1]
 These creditors included Interpool, Ltd.; Itel Containers International Corp.; California Chemoil Corp.; Transmaritime Inc. and Trafimar, S.A.; and Stevedoring Services of America, a California Corporation
 
 
 [2]
 Pursuant to these orders the freights were distributed among the liquidator and the lien creditors. In exchange for the settlement of their claims, the creditors agreed to waive all claims against KKL and the liquidator
 
 
 [3]
 This was the second of three such motions filed by the liquidator during the course of the proceedings. The first was filed when the Chapter 7 proceedings were still pending in the Central District of California, and was denied on June 19, 1987 pursuant to the transfer of venue. The third motion to dismiss forms the basis of this appeal and is discussed infra
 
 
 [4]
 A foreign representative has the alternative of filing a full-scale involuntary bankruptcy case under section 303(b)(4), thereby triggering the automatic stay. See Matter of Axona Intern. Credit & Commerce Ltd., 88 B.R. 597, 606 (Bkrtcy.S.D.N.Y.1988)
 
 
 [5]
 Those criteria are as follows:
 (1) just treatment of all holders of claims against or interests in such estate;
 (2) protection of claim holders in the United States against prejudice and inconvenience in the processing of claims in such foreign proceeding;
 (3) prevention of preferential or fraudulent dispositions of property of such estate;
 (4) distribution of proceeds of such estate substantially in accordance with the order prescribed by this title;
 (5) comity; and
 (6) if appropriate, the provision of an opportunity for a fresh start for the individual that such foreign proceeding concerns.
 11 U.S.C. Sec. 304(c).
 
 
 [6]
 Section 305(b) provides that "[a] foreign representative may seek dismissal or suspension under subsection (a)(2) of this section," and has been interpreted as allowing the representative to do so even if he has not filed a section 304 petition. In re Gee, 53 B.R. 891, 897 (Bkrtcy.S.D.N.Y.1985)
 
 
 [7]
 The district court did mention section 305 in the context of whether to give preclusive effect to the order of the California court denying the first motion to dismiss the Chapter 7 proceedings. Preclusive effect was not given as the order denying the motion was entered without prejudice and was not on the merits
 
 
 [8]
 The relationship between sections 304 and 305 is emphasized in the House and Senate reports referred to above which provide in discussions of abstention under section 305: "Likewise, if there is pending a foreign proceeding concerning the debtor and the factors specified in proposed 11 U.S.C. 304(c) warrant dismissal or suspension, the court may so act." See H.R.Rep. at 325; S.R.Rep. at 36, 1978 U.S.Code Cong. & Admin.News at pp. 5822, 6282
 
 
 [9]
 A number of courts have emphasized that dismissal under section 305 should be used "sparingly," In re 82 Milbar Blvd. Inc., 91 B.R. 213, 216 (Bkrtcy.E.D.N.Y.1988); In re Gee, 53 B.R. at 905 n. 21, and not as a substitute for motions to dismiss under other sections of the Bankruptcy Code. However, any argument that the district court's reliance upon section 304 rather than section 305 constituted an appropriate application of the foregoing principle would be misplaced. The Code's other dismissal sections, 707(a), 927, 1112(b) and 1307(c), establish standards for dismissal different than those of section 305(a). In contrast, section 305(a)(2) actually incorporates the criteria set forth in section 304(c); thus sections 304 and 305 do not establish independent bases for dismissal
 
 
 [10]
 The liquidator does argue that a number of courts have in fact reviewed decisions denying section 304 petitions without reference to section 305(c). However, neither of the cases he cites involved motions to dismiss or suspend based upon section 304(c) criteria. In re Goerg, 844 F.2d 1562 (11th Cir.1988), cert. denied, --- U.S. ----, 109 S.Ct. 850, 102 L.Ed.2d 981 (1989), involved the dismissal of a section 304 petition for lack of subject matter jurisdiction on the ground that the foreign debtor did not qualify as a "debtor" under the Code. Similarly, Matter of Stuppel, 17 B.R. 413 (S.D.Fla.1981), involved review of a bankruptcy court's order dismissing a section 304 petition for lack of personal jurisdiction
 
 
 [11]
 The liquidator seems to maintain that he sought relief under both section 304 and general comity precepts, Reply Brief at 13, suggesting that we may review the district court's order under general comity standards. Assuming arguendo that a dual attack would be proper, the liquidator did not make one. From the start, the liquidator proceeded under section 304 of the Code, filing a petition and complaint thereunder and bringing his February 22, 1988 motion under its auspices. Indeed, his petition filed February 27, 1986 commencing his case asked for relief only "pursuant to Section 304 of the Bankruptcy Code." The district court treated the motion as one brought under the Code. The liquidator's eleventh-hour recharacterization of his case is unpersuasive. In view of our conclusion, we have no need to consider how section 305(c) would apply if the liquidator had attempted to commence his United States proceedings by invoking international comity
 
 
 [12]
 The court on its own motion raised an issue as to whether the order of October 14, 1988, was a final order so that without regard for section 305 the court might not have jurisdiction over the appeal. No determination has been made on this point which is now moot