**In re Petition of Dr. Paul J. GROSS, As Bankruptcy Trustee of the Estate of Ticket Service Exclusive Reisen Mueller Und Partner, GmbH, a German limited liability company and a Debtor in a foreign proceeding.**

**No. 01–06158–9P1.**

United States Bankruptcy Court,
M.D. Florida,
Ft. Myers Division.

Feb. 6, 2002.

Darrin R. Schutt, Cape Coral, FL, for debtor.

Richard Johnston, Jr., Ft. Myers, FL, for movant.

### ORDER DENYING MOTION TO DISMISS AND FOR SANCTIONS

(Doc. No. 21)

ALEXANDER L. PASKAY, Bankruptcy Judge.

This is an ancillary case to a foreign proceeding commenced by the filing of a Petition pursuant to 11 U.S.C. § 304, by Dr. Paul J. Gross, as Bankruptcy Trustee (German Trustee) of the Estate of Ticket Service Exclusive Reisen Mueller Und Partner, GmbH, a German limited liability company and debtor in a foreign proceeding (Foreign Debtor). The particular matter before this Court is a Motion to Dismiss and for Sanctions (Doc. No. 21), filed by Ingrid and Carsten Winkelbach (Respondents), on September 6, 2001. The right of the German Trustee to maintain this ancillary case to a foreign proceeding is challenged by the Respondents who seek dismissal of this ancillary case to a foreign proceeding (case) for lack of subject matter jurisdiction.

The Respondents contend that it appears from the undisputed record the following which supports the Motion to Dismiss: (i) that the estate of the Foreign Debtor has no tangible property located in the United States, let alone in this District and (ii) there has been no adversary proceeding initiated against the Respondents by the German Trustee. Therefore, the Respondents contend that this Court is without subject matter jurisdiction to consider this case. The issue raised by the

Respondents is novel and has been rarely considered by courts called upon to construe the precise issue, scope and reach of Section 304, and the limits of bankruptcy courts' jurisdiction under this Section.

*Procedural Background*

In order to understand the precise issue before this Court, a summary of the procedural background of this case should be helpful. On April 6, 2001, the German Trustee initiated this case by filing the Petition. In the Petition, the German Trustee alleged that (i) the German Trustee is a foreign representative of a bankruptcy estate in a foreign proceeding within the definitions as set forth in 11 U.S.C. § 101(23) and (24); (ii) the Foreign Debtor is being investigated for wiring monies into a bank account in Ft. Myers, Florida; and (iii) the German Trustee has been duly authorized to accumulate the assets of the Foreign Debtor. The German Trustee lists several requests for relief including his request to conduct discovery to determine "the current location of the Foreign Debtor's proceeds, to the extent such proceeds still exist" [sic]. Summonses were issued and served on All About Tickets, Inc., an entity ostensibly controlled by the Respondents and on each of the Respondents.

On May 2, 2001, the Respondents filed a Response to the Petition. In the Response, the Respondents admitted the following: (i) that the German Trustee is a foreign representative who was appointed by a court in a foreign proceeding to accumulate the assets of the Foreign Debtor; (ii) that the Foreign Debtor is a company and debtor located in Germany; and (iii) that the Respondents are residences in this District. The Respondents denied the allegations regarding the inference of a fraudulent transfer. Additionally, the Respondents asserted several affirmative defenses. The affirmative defenses are summarized as follows: (i) failure to state a claim; (ii) statute of limitations; (iii) lack of real property in this District; and (iv) improper venue. Alternatively, the Respondents requested an evidentiary hearing to consider the allegations in the Petition. In light of F.R.B.P. 7012, some of the affirmative defenses will be dealt with in this Order, as they are in actuality a basis for dismissal of the Petition.

On May 9, 2001, the German Trustee filed his first Motion for Examination Under Rule 2004. In the 2004 Motion, he requested the entry of an order that would authorize the issuance of subpoenas upon Northern Trust Bank of Florida for production of documents and upon Robert J. La Rocco and the Respondents, both for oral deposition and production of documents. In response to the 2004 Motion, the Respondents asserted that pending an order permitting the ancillary proceeding to move forward, the 2004 Motion was premature. On July 5, 2001, this Court entered an Order granting the Petition and granting the 2004 Motion.

Following the entry of the Order, the German Trustee filed his second Motion for Examination Under Rule 2004. In response, the Respondents filed a response asserting that the German Trustee had not initiated an adversary proceeding against the Respondents and thus, could not engage in a fishing expedition. On the date of the hearing to consider the second 2004 Motion and Response, the Respondents filed the Motion to Dismiss, which is the present issue under consideration.

*Analysis, Findings and Conclusion*

Section 304 of the Bankruptcy Code was enacted as part of the Bankruptcy Reform Act of 1978. It was designed to deal with the complex and increasingly important problems involving the legal effect that United States courts would give to foreign insolvency proceedings. *Cunard S.S. Co.*

*Ltd. v. Salen Reefer Services AB,* 773 F.2d 452, 454 (2d Cir.1985). It has been generally recognized by the guidelines, outlined in the House Report, that "these guidelines are designed to give the court the maximum flexibility in handling ancillary cases...." The House Report further explained that it is necessary that "the court be permitted to make the appropriate orders under all of the circumstances of each case, rather than being provided with inflexible rules." H.R.Rep. No. 595, 95th Cong., 2d Sess. at 324–25 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5963, 6281. Based on these guidelines, courts recognize that Section 304, by its terms, require an exercise of judicial discretion. *In re Koreag, Controle et Revision, S.A.,* 961 F.2d 341 (2d Cir.1992), *cert. denied,* 506 U.S. 865, 113 S.Ct. 188, 121 L.Ed.2d 132 (1992); *Cunard S.S. Co. Ltd. v. Salen Reefer Services AB, supra; In re Manning,* 236 B.R. 14 (9th Cir. BAP 1999). As stated in the case of *In re Culmer,* the court "is free to broadly mold appropriate relief in near blank check fashion...." *In re Culmer,* 25 B.R. 621, 624 (Bankr. S.D.N.Y.1982).

■ In order for a Petition to be granted under Section 304(a), the petitioner must set forth in essence three allegations: (i) the existence of a foreign proceeding against a debtor, (ii) that the petition is a foreign representative entitled to file the action, and (ii) the presence, within the district, of property involved in the foreign proceeding. *In the Matter of Stuppel,* 17 B.R. 413 (S.D.Fla.1981); *In re Goerg,* 844 F.2d 1562 (11th Cir.1988), *cert. denied,* 488 U.S. 1034, 109 S.Ct. 850, 102 L.Ed.2d 981 (1989). In the case under consideration, it is without dispute that there is no allegation in the Petition that there is actual property of the Foreign Debtor located in this District, at least in the conventional sense; however, the German Trustee does

state an allegation of fraudulent transfer of property. This Court must determine whether or not a claim of fraudulent transfer is sufficient to satisfy the last element.

In the case of *Metzeler v. Bouchard Transp. Co., Inc. (In re Metzeler),* 78 B.R. 674 (Bankr.S.D.N.Y.1987), the court considered an action seeking to recover fraudulent transfers made by the foreign debtor immediately before the bankruptcy case was commenced in Germany. In seeking dismissal, the respondent contended that the debtor did not have its domicile, a place of business, or property in the United States, or in the alternative that Section 304 could not be used to avoid preferential or fraudulent transfer. It was conceded in *Metzeler* that the foreign debtor, Uni–Petrol Geselleschaft fur Mineraldprocukte mbH, had no tangible property in the United States and only the transferred sums were allegedly received by the respondent. In *Metzeler,* the court squarely rejected the holding of two pre-Code cases, *In re Berthoud,* 231 F. 529 (S.D.N.Y.1916) and *In re San Antonio Land & Irrigation Co.,* 228 F. 984 (S.D.N.Y.1916). In both of those cases, the court held that the property requirement of Section 2(a) of the Bankruptcy Act of 1898, contemplated that the term "property" was limited to "property" which could be levied on or that was subject to attachment. *Metzeler, supra* at 678. The court in *Metzeler* concluded that as a result of Congress' change of the concept of "property" as defined in Section 541(a) of the Bankruptcy Code, the reliance on the two pre-Code cases was misplaced. *Id.*

■ There is no question that under Section 541(a) of the Bankruptcy Code, any property is property of the estate that is available, including choses of action available to a trustee under the Bankruptcy Code, and that is available to the estate by other provisions of the Bankruptcy

Code. *United States v. Whiting Pools, Inc.,* 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983). These provisions clearly include Section 542 (turnover), Section 543 (turnover by custodian), Section 547 (preferential transfers), and Section 548 (fraudulent transfer). Therefore, the term "property" as set forth in Section 304, should be interpreted in the broadest sense, including property of a debtor and property that is available to the estate of the debtor. Likewise, in the case of *Stuppel, supra,* the district court held, on appeal, that the bankruptcy court had *in rem* jurisdiction over an ancillary proceeding brought by the foreign representative of the estate of a foreign debtor to recover a fraudulent transfer claim where the property was located in the district. *Stuppel, supra* at 415.

Based on the reasoning and the holding of *Metzeler, Stuppel,* and *Goerg,* this Court is satisfied that the fact that the Foreign Debtor does not have any "property" in this District is of no consequence. This is so because it is sufficiently alleged that the Respondents, who reside in this District, received the funds allegedly transferred by the Foreign Debtor, which may be subject to recovery as a fraudulent transfer. And, the Respondents admit that there is a foreign proceeding and that the German Trustee is a foreign representative, as defined by the Code. Accordingly, this Court is satisfied that the German Trustee has met the threshold prerequisites for application of Section 304(a).

■ This leaves for consideration the remaining issue raised by the Respondents: that there is no adversary proceeding pending in which all tools of discovery might be available to the German Trustee and thus, this Court lacks subject matter jurisdiction to consider this case. The right to conduct discovery including an examination under 2004 has nothing to do with this Court's jurisdiction. Once this Court concluded that the German Trustee is authorized to maintain this case, the question is only may the German Trustee conduct a 2004 examination even though admittedly, there is no adversary proceeding pending. The Respondents challenge the right of the German Trustee to conduct discovery because they contend that there are no provisions under German law for discovery. The German Trustee has requested a 2004 examination to ascertain facts which might be relevant to an alleged fraudulent transfer of funds of the Foreign Debtor to the Respondents, which is a proper subject of inquiry.

Considering the contention that under German law, there is no right to discovery, this Court concludes is without merit because the right to conduct discovery is purely procedural and not substantive. Certainly, it would not make any sense to handcuff a foreign representative from conducting an inquiry under 2004. This brings out the ultimate question which is whether it is proper to use Section 304 for the purpose of facilitating discovery and not to commence, at least initially, litigation for the purpose of recovering property. Neither research of counsel nor independent research found any authority that dealt squarely with this precise and discreet issue, although there are several cases that provide guidance to this Court.

■ Section 304 makes no provision for a meeting of creditors mandated by Section 341 in a case under Title 11, and discovery is essential to assure an economical and expeditious administration of the foreign estate consistent with comity, 11 U.S.C. § 304(c). *See Angulo v. Kedzep Ltd.,* 29 B.R. 417 (S.D.Tex.1983); *In re Gee,* 53 B.R. 891 (Bankr.S.D.N.Y. 1985)(court granted petition for sole purpose of conducing discovery); *Petition of Brierley,* 145 B.R. 151 (Bankr.S.D.N.Y.

1992)(court granted petition to permit discovery, as it was permitted under foreign law).

Likewise, in the case of *In re Kojima*, 177 B.R. 696 (Bankr.D.Colo.1995), the foreign trustee of a foreign debtor whose case was pending in Japan, filed a petition seeking a jurisdictional vehicle to allow him to, inter alia, continue his investigation into assets located in the United States, conduct discovery, and commence adversary proceedings, as the result of a failed golf course wherein the foreign debtor asserted an equitable interest in the same. The respondents filed a motion to dismiss asserting that the trustee has no right or authority to proceed in the United States Bankruptcy Court. The court, having reviewed the record, concluded that the foreign trustee had the right and authority to commence an ancillary proceeding, as the bankruptcy law of Japan provided for recovery of property through avoidance actions. *Kojima, supra* at 701–702. Accordingly, the court fashioned its relief, which did not include a discussion of whether a 2004 examination would be permitted.

In *Kojima*, the court concluded that subsection (a) of Section 304 of the Bankruptcy Code was not completely and unqualifiedly separate from and independent of subsections (b) and (c). Therefore, the bankruptcy court in *Kojima* included an analysis of Section 304(c) in granting the petition *and* fashioning the appropriate relief (emphasis supplied). *But see, In re Taylor*, 176 B.R. 903 (Bankr.C.D.Cal. 1995)(the bankruptcy court determined that if the requirements of section 304(a) are satisfied, it has no discretion to dismiss the Petition under section 304(a) but only has discretion to consider the relief to grant, if any under section 304(b)). *See also In re Manning, supra* (court determined at same hearing that it was appropriate to grant Petition and fashion relief

simultaneously); *In re Fracmaster, Ltd.*, 237 B.R. 627 (Bankr.E.D.Tex.1999)(304(a) Petition granted and mini-trial resulted with respect to fashioning the relief sought under the Petition); *In re Board of Directors of Hopewell International Insurance, Ltd.*, 258 B.R. 580 (Bankr.S.D.N.Y.2001)(original Petition for ancillary proceeding granted however, 2004 motion denied).

These cases are somewhat analogous to the precise issue that is before this Court. This Court has concluded that the prerequisites of Section 304(a) of the Code have been satisfied and the pending Motion to Dismiss should be denied. This Court is inclined to follow the view as espoused in *Taylor*, as the prerequisites for the initiation of an ancillary proceeding have been satisfied. Thereafter, this Court must consider the appropriate relief to grant: whether to permit the German Trustee to conduct a 2004 examination upon the Respondents.

It is evident that the parties sought to be examined are within this jurisdiction and they are not subject to the jurisdiction of the German court where the main case is pending. It certainly would not be supportive of the well established policy goal of Section 304, which is to help further the efficiency of foreign insolvency proceedings involving assets outside of the reach of the home court, to deny the German Trustee to conduct initial discovery. *See* Boshkoff United States Judicial Assistance in Cross–Border Insolvencies, 36 Int'l & Comp. L.Q. 729, 740–741 (1987); Klocker, Foreign Debtors and Creditors Under United States and West German Bankruptcy Laws: Analysis and Comparison, 20 Texas Int'l L.J. 55, 90 (1985).

It is important to point out that the foregoing conclusions shall not be construed to be a determination of the validity vel non of the contentions of the Respon-

dents that the action by the foreign representative is governed by the German Statute of Limitation, and thus barred by that Statute. The issue that is presently before this Court and the only matter is the Motion to Dismiss. None of the other issues raised by the Respondents are sufficient to warrant dismissal. This Court concludes only that the allegations of the Petition are sufficient to invoke this Bankruptcy Court's jurisdiction to entertain an action under Section 304.

■ Whether the Statute of Limitation is a bar to the ultimate filing of an adversary proceeding is an issue to be plead as an affirmative defense pursuant to F.R.B.P. 7008(e), if and when an adversary proceeding is filed, and is not grounds for dismissal of the Petition. Thus, it is premature for the Respondents to assert this claim. As noted earlier, this Court has concluded that the right to conduct discovery is procedural and not governed by substantive law, and is certainly not grounds for dismissal. However, this order should not be construed to limit the right of the Respondents to challenge the 2004 Motion on the basis that the discovery sought is too broad.

Accordingly it is

ORDERED, ADJUDGED AND DE-CREED that the Motion to Dismiss and for Sanctions (Doc. No. 21) be, and the same is hereby, denied. As Respondents have previously filed a response to the Petition, no additional pleading is necessary and the Petition for ancillary proceeding is hereby granted. It is further

ORDERED, ADJUDGED AND DE-CREED that the second Motion for Examination Under Rule 2004 (Doc. No. 13) and Response (Doc. No. 15) be, and the same are hereby, set for pre-trial conference on March 7, 2002, beginning at 10:30a.m. at the United States Bankruptcy Courthouse, Fort Myers, Federal Building and Federal Courthouse, Room 4–117, Courtroom D, 2110 First Street, Fort Myers, Florida, at which time this Court will consider any additional response if any, concerning the scope of the proposed discovery.